UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:16-cr-111-J-32PDB

ANTHONY JOHNSON

## GOVERNMENT'S RESPONSE
## IN OPPOSITION TO DEFENSE MOTIONS

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, files this Response in Opposition to the defendant's motion, and in support states the following:

1. On August 10, 2016, a federal grand jury returned an Indictment against Anthony Johnson (Doc. 1).

2. On January 31, 2017, United States District Judge Timothy J. Corrigan conducted a criminal status conference for this case (Doc. 64). As part of this status conference the defendant filed in open court a "Motion to Stay Pending Notice of Removal to the United States Foreign Intelligence Surveillance Court Washington, D.C." and a "Declaration of Anthony Johnson." The defendant filed multiple exhibits in support of or pertaining to the aforementioned documents. These documents and the associated exhibits were subsequently docketed (Docs. 61, 62).

3. Based on these being served in open court the United States requested time in order to review the material and file a response to the motion. United States District Judge Timothy J. Corrigan set the deadline for the United States to file a response as February 13, 2017 (Doc 64).

## DEFENDANT'S MOTION TO STAY

4. As an initial matter, it is not entirely clear what the defendant is arguing. In support of his motion the defendant filed a declaration ( Doc. 62). However, multiple portions of the declaration are blacked out, making it difficult to understand the exact argument being made by the defendant. The exhibits are a cross section of statutes, discovery items turned over to the defendant by the United States or obtained by the defendant through the discovery process, news articles, and other various documents. Based on a review of this material the defendant appears to argue that he has information that is classified. By testifying in an evidentiary hearing or at trial the defendant argues that he would subject himself to further prosecution for violating federal law. *See* 18 United States Code, Chapter 37.

## FOREIGN INTELLIGENCE SURVEILLENCE ACT

5. The Foreign Intelligence Surveillance Act of 1978 (FISA) outlines the process whereby the United States can conduct electronic surveillance and physical searches of foreign powers and their agents inside the United States. 50 U.S.C., Chapter 26. Applications for court orders which authorize surveillance or search under the FISA are made to the Foreign Intelligence Surveillance Court (FISC). The

applications are under oath by a federal officer with the approval of the Attorney General, the Acting Attorney General, or the Deputy Attorney General. 50 U.S.C. §§ 180l(g), 1804, 1823. Requirements for the application include identifying or describing the target of the search or surveillance. The application must also establish that the target is either a "foreign power" or an "agent of a foreign power." 50 U.S.C. §§ 1804(a)(3), 1804(a)(4)(A), 1823(a)(3), 1823(a)(4)(A). The FISA created two courts to review: 1) the applications submitted by the United States and 2) denials of applications submitted by the United States. An individual judge appointed to the FISC reviews the FISA application submitted by the United States. Denials of those applications are reviewed by a panel of judges appointed to the FISC. 50 U.S.C. §§ 1803, 1805, 1822 – 1824.

## CLASSIFIED INFORMATION PROCEDURES ACT

6. The Classified Information Procedures Act of 1981 (CIPA) is a procedural statute that in substance prohibits the unauthorized disclosure of classified information in litigation. It outlines the pre-trial process for utilizing the classified information in litigation. 18 U.S.C. App 3. CIPA establishes procedures for a defendant to utilize when the defendant reasonably expects to disclosure or to cause the disclosure of classified information. 18 U.S.C. App. 3 § 5. These procedures include the defendant notifying the court and the United States of his intention to use classified evidence and providing a brief description of the classified evidence without disclosing any classified information. Id. See also *United States v. Richard Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983) (holding that the notice "must be particularized, setting forth specifically the classified information which the

defendant reasonably believes to be necessary to his defense.") Upon receipt of the defendant's notice, the United States can file a motion to have the court conduct a hearing to determine the use, relevance, or admissibility of the classified information at issue. Id. § 6(a).

7. The defendant's request for a stay of the proceedings should be denied, as it is not the proper remedy. If the defendant is concerned that his testimony may implicit classified information, the remedy is for him with the assistance of his stand-by counsel to follow the procedures set in the CIPA, not a stay of proceedings. *Assuming arguendo* that the defendant has classified information the use, relevance, and admissibility of it can be reviewed pre-trial, so that the defendant can understand any limits ordered by the court that may be associated with putting on evidence at a hearing or trial.

WHEREFORE, the United States of America, respectfully that the Court deny the defendant's motion.

Date: February 13, 2017

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: *s/ Kevin C. Frein*
KEVIN C. FREIN
Assistant United States Attorney
Florida Bar No. 0149144
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: kevin.frein@usdoj.gov

U.S. v. Anthony Johnson                                            Case No. 3:16-cr-111-J-32PDB

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Jeremy Lasnetski, Esq.
>(standby counsel for Anthony Johnson).

                                                                                            *s/ Kevin C. Frein*
                                                                                            KEVIN C. FREIN
                                                                                            Assistant United States Attorney
                                                                                            Florida Bar No. 0149144
                                                                                            300 N. Hogan Street, Suite 700
                                                                                            Jacksonville, Florida 32202
                                                                                            Telephone:    (904) 301-6300
                                                                                            Facsimile:    (904) 301-6310
                                                                                            E-mail:    kevin.frein@usdoj.gov