# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v

ANTHONY JOHNSON

Case Number: 3:16-cr-111-J-32PDB

USM Number: 37002-066

Jeremy Lasnetski, CJA (standby)
Suite 303
6550 St Augustine Rd
Jacksonville, FL 32217

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty One, Twenty Two, Twenty Three, Twenty Four, Twenty Five, Twenty Six, Twenty Seven and Twenty Eight of the Second Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud | July 2017 | 1 – 3 & 22 – 27 |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | June 2016 | 4, 11 – 13, 15, 17, 19, 21 & 28 |
| 18 U.S.C. § 1341 | Mail Fraud | May 2014 | 5 – 7 |
| 42 U.S.C. § 408(a)(7)(b) | Falsely Representing a Social Security Number | June 2016 | 8 – 10, 14, 16, 18 & 20 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:
March 22, 2018

TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE

April 18, 2018

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Anthony Johnson
3:16-cr-111-J-32PDB

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **TWO HUNDRED FORTY (240) MONTHS** on each of Counts One, Two, Three, Five, Six, Seven, Twenty Two, Twenty Three, Twenty Four, Twenty Five, Twenty Six and Twenty Seven (1, 2, 3, 5, 6, 7, 22, 23, 24, 25, 26 & 27) of the Second Superseding Indictment and **SIXTY (60) MONTHS** on each of Counts Eight, Nine, Ten, Fourteen, Sixteen, Eighteen and Twenty (8, 9, 10, 14, 16, 18 & 20) of the Second Superseding Indictment, all such terms to run concurrently with each other, for a total of Two Hundred Forty (240) Months; and, **TWENTY FOUR (24) MONTHS** on each of Counts Four, Eleven, Twelve, Thirteen, Fifteen, Seventeen, Nineteen, Twenty One and Twenty Eight (4, 11, 12, 13, 15, 17, 19, 21, & 28) of the Second Superseding Indictment, such terms to run consecutively to each other, for a total of Two Hundred Sixteen (216) Months, and to run consecutively to the Two Hundred Forty (240) Month term as to all other counts; FOR A TOTAL TERM OF FOUR HUNDRED FIFTY SIX (456) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:

- Incarceration as close to Alaska as possible.
- Defendant receive mental health treatment.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy United States Marshal

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Anthony Johnson
3:16-cr-111-J-32PDB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **FIVE (5) YEARS as to each of Counts One, Two, Three, Twenty Two, Twenty Three, Twenty Four, Twenty Five, Twenty Six and Twenty Seven (1, 2, 3, 22, 23, 24, 25, 26 & 27) of the Second Superseding Indictment; THREE (3) YEARS as to each of Counts Five, Six, Seven, Eight, Nine, Ten, Fourteen, Sixteen, Eighteen and Twenty (5, 6, 7, 8, 9, 10, 14, 16, 18 & 20) of the Second Superseding Indictment; and, ONE (1) YEAR as to each of Counts Four, Eleven, Twelve, Thirteen, Fifteen, Seventeen, Nineteen, Twenty One and Twenty Eight (4, 11, 12, 13, 15, 17, 19, 21 & 28) of the Second Superseding Indictment; all such terms to run concurrently, FOR A TOTAL TERM OF FIVE (5) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Anthony Johnson
3:16-cr-111-J-32PDB

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____

AO 245B (Rev. 09/17) Judgment in a Criminal Case

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. Defendant shall provide the probation officer access to any requested financial information.

3. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

4. You shall submit to a search of your person, residence, place of business, any storage units under your control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

5. The United States Probation Officer must approve your employment in advance.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|        | Assessment | JVTA Assessment [1] | Fine | Restitution |
|--------|------------|---------------------|------|-------------|
| TOTALS | $2,800.00  | $0                  | $0   | $199,727.54 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i) all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss [2] | Restitution Ordered | Priority or Percentage |
|---------------|----------------|---------------------|------------------------|
| USAA<br>Attention: Non Card Recovery, USAA Corporate Security Investigations, PO Box 33272, San Antonio, Texas, 78265-3273 | $59,142.97 | $59,142.97 | |

---

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[2] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Anthony Johnson
3:16-cr-111-J-32PDB

| | | |
|---|---|---|
| Bankers Healthcare Group, LLC<br>Attention: Collections, 201 Solar Street, Syracuse, NY 13204 | $129,864.03 | $129,864.03 |
| Springleaf/OneMain Financial<br>100 International Drive, 18th Floor, Baltimore, MD 21202 | $10,720.54 | $10,720.54 |
| **TOTAL** | **$199,727.54** | **$199,727.54** |

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$2,800.00** is due in full and immediately.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- Restitution to be paid with $100.00 monthly installments, the first payment being due sixty (60) days from the date of release from custody. This payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/17) Judgment in a Criminal Case