**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.   CASE NO. 3:16-cr-111-J-32PDB

ANTHONY JOHNSON

---

UNITED STATES OF AMERICA

vs.   CASE NO. 3:01-cr-239-J-32JBT

ANTHONY JOHNSON

---

**O R D E R**

This case is before the Court on Defendant's Motion for Release of Funds (Doc. 183),[1] and the government's Motion for Order Requiring Money Held by Law Enforcement Be Applied to Restitution, (Doc. 185). The Court held a hearing and discussed this matter with the parties, the record of which is incorporated herein. (Doc. 190).

Upon reentering the United States from Dubai, United Arab Emirates, Defendant was apprehended at Orlando International Airport based upon several arrest warrants, one of which was for violating the conditions of his supervised release in case 3:01-cr-239-J-32JBT. Upon his arrest, law enforcement seized $1,252.00 from Defendant's person. This

---

[1] Defendant's motion is dated April 3, 2018, and states that he is "in receipt of the Judgment in a criminal case . . . ." However, the Judgment in his case was not entered until April 18, 2018. Likely, Defendant received the Court's March 30, 2018 Order that scheduled a hearing regarding Defendant's sentence that had been announced on March 22, 2018.

money was transferred to the Jacksonville Sheriff's Office along with other evidence in this case. (Docs. 185, 190). Ultimately, Defendant was convicted in this case, and was found to have violated his supervised release in case 3:01-cr-239. As part of his sentence, Defendant was ordered to pay a Special Assessment of $2,800, due in full immediately, and restitution in the amount of $199,727.54, payable in $100 monthly installments beginning 60 days after his release from custody. (Doc. 187 at 6). Defendant now seeks the return of the money seized during his arrest, but the government seeks to have the funds applied to restitution. (Docs. 183, 185).

"An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of [Title 18]." 18 U.S.C. § 3664. Chapter 229, subchapter B states that a judgment ordering restitution creates a lien in favor of the government on all of a defendant's property. 18 U.S.C. § 3613. Accordingly, the funds held by the government in this case should be applied to Defendant's monetary obligations as outlined in the Judgment. (Doc. 187).

Applying the funds already within the government's control to the special assessment, restitution, or both does not run afoul of Federal Rule of Criminal Procedure 35(a), which disallows the modification of a sentence more than fourteen days after the oral announcement of sentence, because such application of funds 'd[oes] not alter the amount or the payment schedule of the restitution portion of the criminal judgment." United States v. Wilson, 520 F. App'x 237, 237 (4th Cir. 2013).[2]

---

[2] The Southern District of New York reached the opposite conclusion in United States v. Bashi, No. 07 CR. 777 (JFK), 2009 WL 2025332, at *1 (S.D.N.Y. July 13, 2009), where the court denied the government's request to apply seized funds to restitution because such order would alter the restitution order without statutory authority to do so. However, Bashi appears to be in the minority. See, e.g., United States v. Kaczynski, 416

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Release of Funds (Doc. 183) is **DENIED**.

2. The government's Motion for Order Requiring Money Held by Law Enforcement Be Applied to Restitution, (Doc. 185), is **GRANTED**. Not later than **May 2, 2018**, the government shall file a proposed order to effectuate the transfer of funds.

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of April, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:

Kevin C. Frein, AUSA
Jeremy Lasnetski, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Pro se Defendant

---

F.3d 971, 974 (9th Cir. 2005) ("[B]ecause a restitution order is enforceable as a lien on all of a defendant's property, a court may order that a defendant's property already in the government's possession be applied to his restitution debt."); United States v. Jones, 629 F. App'x 192, 195 (3d Cir. 2015) (holding that the district court did not abuse its discretion in denying defendant's Rule 41(g) motion because an order of restitution creates a lien by the government on all of defendant's property); United States v. Stone, No. CR407-228, 2008 WL 5101274, at *1 (S.D. Ga. Dec. 3, 2008) (denying defendant's Rule 41(g) motion for return of money "because the Government has a legitimate reason for maintaining possession of the funds—applying that sum to Defendant's restitution obligations.").